IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Beverly Springs, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Life Insurance Company of North America, | ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Florence, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Florence, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits from the Defendant pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

IV.

Until June 2017, Plaintiff was employed with American Honda Motor Co., Inc. and as an employee of American Honda Motor Co., Inc., Plaintiff was provided with long term disability coverage via a plan which was fully insured by Defendant. Besides being the

insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.  Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which she suffered.  Plaintiff was forced to cease working and she filed a claim for long term disability benefits under the plan.

VI.

Defendant denied Plaintiff's claim.  Plaintiff appealed the denial and attempted to fully exhaust administrative remedies, but Defendant has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies because it refused to consider important evidence Plaintiff tried to provide.  Defendant did issue a final decision denying Plaintiff's claim, but did so while specifically refusing to consider important evidence Plaintiff was gathering.  Defendant did not allow Plaintiff a reasonable period of time to review the administrative record and gather and submit evidence in support of her claim in violation of 29 C.F.R. § 2560.503-1.  Accordingly, further attempts to exhaust administrative remedies are futile.

VII.

Defendant made its initial claim decision while operating under a conflict of interest which significantly influenced it to deny Plaintiff's claim and to refuse to consider important

evidence provided by Plaintiff. The decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the decision was reached by deliberately refusing to consider relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan. Plaintiff tried to submit the evidence she wished to have considered on appeal, but Defendant failed to allow Plaintiff to do so. Also, the court should conduct a *de novo* review of Plaintiff's claim including documents the Defendant alleges it did not consider because the Defendant's refusal to consider the information was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile. Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its

fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefit she seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of her claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #: 09835
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: nbax@fosterfoster.com

Date: November 5, 2021          Attorneys for Plaintiff